UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| COEXIST FOUNDATION, INC. )<br>　　　Plaintiff, )<br>　 )<br>v. )<br>　 )<br>AMY FEHRENBACHER, MICHAEL, )<br>FEHRENBACHER, JOHN LACART, UNITED )<br>FUNDING, INC., MWF FINANCIAL & )<br>MORTGAGE CENTER, INC., MIDWEST )<br>FUNDING BANKCORP, INC., and UNITED )<br>TITLE OF ILLINOIS, INC. )<br>　　　Defendants. ) | Case No. 11 cv 6279<br><br>Judge Sharon Johnson Coleman |

**MEMORANDUM OPINION AND ORDER**

This matter is before the court on defendants Michael Fehrenbacher and MWF Financial & Mortgage Center, Inc.'s (collectively, "Defendants") motion for summary judgment. For the reasons stated in this order, Defendants' motion is granted in part and denied in part.

**Background**

For the purposes of this motion, the Court takes the following facts as true.[1] Plaintiff Coexist Foundation, Inc. is a Florida corporation operated by counter-defendant Timothy Hubman.[2] In March 2009, Hubman and Fehrenbacher met and began discussing various lucrative investment opportunities. The parties initially exchanged phone calls and emails, but also met in person at Fehrenbacher's office in Illinois.

In April 2009, Hubman transferred a total of $300,000 from Coexist's account in Florida to an escrow account at Harris Bank in Illinois maintained by Fehrenbacher. At Hubman's request, Fehrenbacher subsequently transferred $150,000 back to Coexist's account in Florida. Sometime in June 2009, Hubman obtained $1.85 million from a third party and promised he

---

[1] The Court notes that Coexist's response to Defendants' statements of fact does not comply with Local Rule 56. (Dkt. #118.) Coexist fails to submit a concise response to each of Defendants' statements and, where Coexist does deny a fact, Coexist largely fails to provide "specific reference to affidavits, parts of the record, and other supporting materials" as required by the Rule. L.R. 56.1(b). As such, facts not properly controverted shall be deemed admitted for purposes of this motion. L.R. 56.1(b)(3)(c).

[2] Hubman is a self-described sophisticated investor and former con-man. Hubman previously operated the Hubman Foundation, which was found to be "a sham designed to try to insulate Hubman from others and the debts and obligations of Hubman are one and the same of Foundation and vice-versa." (Dkt. #112-4, p. 69.)

would hold the funds in escrow. On June 19, Hubman transferred the $1.85 million to Harris Bank. Fehrenbacher subsequently invested Coexist's $2 million with Assured Capital Consultants, LLC ("Assured Capital"), which was later discovered to be an illegal Ponzi scheme.

On December 14, 2010, Coexist filed an 11-count complaint in Florida state court against seven defendants, including Fehrenbacher and MWF. The action was removed to the Middle District of Florida based on diversity jurisdiction and all defendants moved to dismiss based on lack of personal jurisdiction and improper forum. Coexist subsequently voluntarily dismissed its claims against all defendants except Fehrenbacher and MWF. After an evidentiary hearing on jurisdiction, the case was transferred to the Northern District of Illinois based on forum *non conveniens*.

In sum, Coexist's complaint alleges Fehrenbacher fraudulently induced Hubman to transfer funds to Harris Bank and then transferred Coexist's funds to Assured Capital in violation of various Florida state laws. Defendants Fehrenbacher and MWF now move for summary judgment on Counts IV-XI.

**Legal Standard**

A party is entitled to summary judgment if all of "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). The Court construes the facts and all reasonable inferences in the light most favorable to the nonmoving party when deciding a motion for summary judgment. *Abdullahi v. City of Madison*, 423 F.3d 763, 773 (7th Cir. 2005).

The moving party bears "the initial responsibility of informing the...court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The party who bears the burden of proof on an issue may not rest on the pleadings or mere speculation, but must affirmatively demonstrate that there is a genuine issue of material fact that requires a trial to resolve. *Id*. at 324. "A party will be successful in opposing summary judgment only when it presents definite, competent evidence to rebut the motion." *Albiero v. City of Kankakee*, 246 F.3d 927, 932 (7th Cir. 2001). In considering a motion for summary judgment, the Court may not weigh the evidence or engage in fact-finding, but should

simply determine whether there is a genuine issue for trial. *Hasan v. Foley & Lardner*, LLP, 552 F.3d 520, 527 (7th Cir. 2008).

**Discussion**

Coexist alleges eight claims against Defendants, including: fraud in the inducement (IV), conspiracy to commit fraud in the inducement (V), civil theft (VI), and violations of the Florida Securities and Investor Protection Act (VII and VIII), the Florida Deceptive and Unfair Trade Practices Act (IX), and the Florida Uniform Fraudulent Transfer Act (X and XI). Coexist concedes that summary judgment is proper as to Counts IX and XI (Dkt. #118, p. 8) and Defendants' motion is therefore granted as to those claims.

**1. Coexist's Fraud Claims**

As an initial matter, the Court must determine what state law applies to Coexist's fraud claims. Where, as here, a case is transferred pursuant to 28 U.S.C.A. §1404(a), the court applies the choice of law rules of the state from which case was transferred.[3] *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 244 (1981). Therefore, Florida's choice of law rules govern this action. In tort actions involving more than one state, Florida courts apply the 'most significant relationship' test as set forth in the Restatement (Second) of Conflict of Laws §145, which provides specific sections for particularized torts. *Trumpet Vine Investments, N.V. v. Union Capital Partners I, Inc.*, 92 F.3d 1110, 1118 (11th Cir. 1996).

With respect to fraud, "when the plaintiff's action in reliance took place in the state where the false representations were made and received, the local law of this state determines the rights and liabilities of the parties." Restatement (Second) Conflict of Laws §148(1). However, "[w]hen the plaintiff's action and reliance took place in whole or in part in a state other than that where the false representations were made," the court applies a six-factor balancing test. *Id*. at §148(2); *see Valentino v. Bond*, 2008 WL 3889603, *9 (N.D. Fla. Aug. 19, 2008). The factors include the place or places where the defendant made the representations, where the plaintiff received and acted in reliance upon the defendant's representations, where the tangible thing which is the subject of the transaction between the parties was situated at the time and where the parties are domiciled. *Id*.

---

[3] The Middle District of Florida reframed Defendants' improper venue argument as a forum *non conveniens* issue and the case was transferred to the Northern District of Illinois pursuant to §1404(a). (*See* Dkt. ##49, 57.)

Hubman and Fehrenbacher communicated primarily by phone and email, but also met several times in person at Fehrenbacher's office in Illinois. Nearly all of Fehrenbacher emails were sent from Illinois and the Court reasonably infers that Hubman received and acted in reliance in both Illinois and Florida. In April and June of 2009, funds were transferred between Coexist's account in Florida and Defendants' account in Illinois. While both Florida and Illinois share contacts with this case, the Court finds that Illinois – as the situs of nearly all of Fehrenbacher's alleged representations and, to some degree, Hubman's receipt of and reliance on Fehrenbacher's representations – has the most significant relationship to the case. Therefore, Illinois law applies to Coexist's fraud claims.

Count IV of Coexist's complaint alleges a claim of fraud in the inducement. In Illinois, fraud in the inducement is a form of common-law fraud. *Petrakopoulou v. DHR Int'l, Inc.*, 590 F. Supp. 2d 1013, 1016 (N.D. Ill. 2008) (citing *Lagen v. Balcor Co.*, 274 Ill.App.3d 11, 17 (2nd Dist. 1995)). The elements of fraud are: 1) a false statement of material fact; 2) knowledge or belief by the maker that the statement was false; 3) an intent to induce reliance on the statement; 4) reasonable reliance upon the truth of the statement; and 5) damages resulting from that reliance. *Id*. Defendants argue they are entitled to summary judgment as a matter of law because Coexist fails to identify any false statement upon which Hubman reasonably relied. The Court agrees.

During the relevant time period, Fehrenbacher owned an escrow company and was in the process of forming a bank. Coexist admits that Hubman "did prudently research the investment." (Dkt. #113, p. 5.) Hubman alleges he relied on emails from Fehrenbacher which led him to believe that the funds were not at risk, would not leave Harris Bank and could be withdrawn at any time. Specifically, Hubman claims he relied on Fehrenbacher's reference to an MT 760. An MT 760 is a type of inter-bank message used to transmit standby letters of credit from one bank to another. *See* 6B Hawkland UCC Series § 5-104:12 [Rev]. Hubman did his own research on MT 760s after Fehrenbacher used the term and understood it to mean that his funds were not at risk and would never leave the escrow account. After researching what an MT 760 was, Hubman appears to have misunderstood its meaning and effect.

Coexist also claims that Hubman relied on conversations and emails with Fehrenbacher in forming his opinion of the investment. (Dkt. #113-2, ¶7.) Be that as it may, Coexist fails to identify for the Court any specific conversations with or emails from Fehrenbacher which are

even remotely contemporaneous with the transfer of Coexist's funds. "Summary judgment may only be defeated by pointing to admissible evidence in summary judgment record that creates a genuine issue of material fact." *Perrywatson v. United Airlines, Inc.*, 916 F. Supp. 2d 866 (N.D. Ill. 2013) *aff'd sub nom. Perrywatson v. United Air Lines, Inc.*, 527 F. App'x 559 (7th Cir. 2013) (citing Fed.R.Civ.P. 56). It is not the Court's job to scour the record and make a plaintiff's case for him. *Id.*; *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994) ("summary judgment is not a paper trial, the district court's role in deciding the motion is not to sift through the evidence, pondering the nuances and inconsistencies, and decide whom to believe"). Coexist thus fails to raise a genuine issue of fact for trial and its claim for fraud in the inducement fails. *Poole v. U.S. Gen. Accounting Office*, 1 F. App'x 508, 510 (7th Cir. 2001) (plaintiff who fails to cite to specific parts of the record to support or contradict the facts set forth by defendant, does not "come forward with specific facts sufficient to raise a genuine issue for trial").

Count V alleges conspiracy to commit fraud in the inducement. Conspiracy is not an independent tort; therefore, where a plaintiff fails to state an independent cause of action underlying the conspiracy allegations, the claim for conspiracy also fails. *Merrilees v. Merrilees*, 998 N.E.2d 147, 162 (Ill. App. Ct. 2013).[4] The Court therefore grants Defendants motion for summary judgment as to Counts IV and V.

**2. Coexist's Florida State Law Claims**

**a. Civil Theft**

Count VI is a claim for civil theft pursuant to Florida statute 772.11, which provides civil remedies, including treble damages, for violations of certain Florida criminal statutes. Fla. Stat. §772.11. Coexist's complaint alleges Defendants committed theft in violation of Florida criminal statute section 812.014. Defendants argue Illinois law should be applied to Coexist's civil theft claim because it includes the same allegations as Coexist's fraud claims. Further, Defendants contend that Illinois law does not have a civil theft statute and the Full Faith and Credit Clause does not require this Court to enforce Florida statute 772.11.

It is well-settled that a district court sitting in diversity is competent to apply the law of a foreign state. *International Paper Co. v. Ouellette*, 479 U.S. 481, 500 (1987). "While Illinois will not execute or apply foreign law which is against its public policy, differences in law between

---

[4] The Court also notes that Coexist's conspiracy claim fails as a matter of law as it requires a combination of *two or more persons* to accomplish by concerted action an unlawful purpose or a lawful purpose by unlawful means. *Fritz v. Johnston*, 209 Ill.2d 302, 317 (Ill. 2004) (emphasis added).

5

Illinois and another state are not sufficient grounds to refuse to apply the law of the foreign state." *Kilian v. Louisville & N. R. Co.*, 374 F.2d 61, 64 (7th Cir. 1967). Because neither party puts forth any relevant, substantive argument as to why Count VI should be dismissed, Defendants' motion for summary is denied.

**b. Violations of Florida Securities and Investor Protection Act**

Counts VII and VIII allege that Defendants sold securities to Coexist in violation of the Florida Securities and Investor Protection Act, Florida statutes §§517.07 and 517.301, ("FSIPA"), respectively. In each count, Coexist seeks rescission pursuant to §517.211.

Section 517.07 states that it is unlawful to sell or offer to sell a security unless it is registered, is a federal security or falls within certain exemptions. Fla. Stat. §517.07(1). Therefore, Coexist must establish that: (1) the transactions at issue constitute securities; (2) the securities were not registered with the State of Florida; and (3) Defendants sold the unregistered securities. *See Scheck Investments, L.P. v. Kensington Mgmt.*, Inc., 2009 WL 1916501 at *3 (S.D. Fla. July 2, 2009). "Whether a particular investment constitutes a security depends on the facts and circumstances of each individual case." *Venezia v. Sunrise View, Inc.*, 93 So. 3d 1051, 1052 (Fla. Dist. Ct. App. 2012). A security is broadly defined by statute, but has been found to include "a contract, transaction or scheme whereby a person invests his money in a common enterprise and is led to expect profits solely from the efforts of the promoter or a third party." *Stowell v. Ted S. Finkel Inv. Servs., Inc.*, 489 F. Supp. 1209, 1224 (S.D. Fla. 1980).

Section 517.301 prohibits fraud, deceit, and misstatements of fact or failure to state material facts, in the sale of securities. Fla. Stat. §517.301. A plaintiff is entitled to rescind a sale of a security that violates section 517.07(1), and persons selling a security in violation of section 517.301 are jointly and severally liable. Fla. Stat. §517.211(1)-(2).

Defendants' sole argument in support of its motion is that Fehrenbacher never received or requested any value in exchange for Coexist's investment participation. Therefore, Defendants maintain Fehrenbacher did not sell or offer to sell a security in violation of sections 517.101 and 517.301. Coexist contends that Fehrenbacher requested four private jet trips, received one private jet trip and received $226,750 profit from Coexist's $2 million investment. Fehrenbacher does not dispute that he requested the flights, only that he did not actually take them. The Court notes

that neither party properly substantiates their positions with competent factual or legal support.[5] Moreover, the parties each appear to ignore that Coexist's funds were wired to Defendants' escrow account at Harris Bank in April and June of 2009 pursuant to an alleged investment agreement. Based on the limited arguments and evidence presented to this Court, Defendants' motion for summary judgment as to Counts VII and VIII is denied.

**c. Violation of Florida Uniform Fraudulent Transfers Act**

Count X alleges a violation of the Florida Uniform Fraudulent Transfers Act, Florida statute §726.101 *et seq.* ("FUFTA"). Pursuant to 726.105(1)(a), a transfer by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made, if the debtor made the transfer "with actual intent to hinder, delay, or defraud any creditor of the debtor." Fla. Stat. §726.105(1)(a). A creditor must demonstrate that: (1) there was a creditor to be defrauded; (2) a debtor intending fraud; and (3) a conveyance of property which could have been applicable to the payment of the debt due. *Nationsbank, N.A. v. Coastal Utilities, Inc.*, 814 So. 2d 1227, 1229 (Fla. Dist. Ct. App. 2002).

Coexist's complaint alleges Fehrenbacher fraudulently transferred Coexist's funds from the escrow account at Harris Bank to Assured Capital on June 19, 2009. Defendants assert that Fehrenbacher did not act with actual intent to hinder, delay or defraud because he intended to return all of Coexist's principal, plus profit, and eventually did return funds in proportion to Coexist's investment. In response, Coexist maintains Fehrenbacher promised that the funds would remain in escrow and never leave Harris Bank. Coexist argues Fehrenbacher misinformed Hubman about the status and location of its funds for several months.

Section 726.105(2) lists several factors to be considered in determining actual intent, of which at least two are relevant in these proceedings: whether the transfer or obligation was disclosed or concealed and whether the value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred. *See* Fla. Stat. §726.105(2)(a-k); *Nat'l Mar. Servs., Inc. v. Straub*, 2013 WL 5770677 at *5 (S.D. Fla. Oct. 24, 2013). Indeed, Hubman transferred $1.85 million of Coexist's funds to Harris Bank on June 19, 2009 (Dkt. #2, p. 27) and, that same day, Fehrenbacher transferred $1.85 million from Harris Bank to Assured Capital (*id.* at p. 41). Having reviewed all the proffered evidence in support of and in opposition to

---

[5] *See* Dkt. #110, p. 13-14; Dkt. #112, ¶¶48-49; Dkt. #113, p. 7; Dkt. #113-2, ¶¶5-6; Dkt.#113-3, ¶¶9-10; Dkt. #113-5; Dkt. #113-6; Dkt. #117, p. 9; Dkt. #118, ¶¶5-6.

7

Defendants' motion, the Court finds that a genuine issue of material facts exists as to whether Fehrenbacher actions manifest an intent to hinder, delay or defraud Coexist. For these reasons, Defendants' motion for summary judgment is denied as to Count X.

**Conclusion**

For the foregoing reasons, Defendants' motion for summary judgment is granted as to Counts IV, V, IX and XI. Defendants' motion for summary judgment is denied as to Counts VI, VII, VIII and X.

IT IS SO ORDERED.

_____
Date: March 28, 2014

United States District Judge